1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY FOGLEMAN, | Case No. CV-10-6793 GAF |
| Plaintiffs, | **PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF LOS ANGELES, DEPUTY HERNANDEZ, DEPUTY NERY, SERGEANT EDIE, and DOES 1 THROUGH 20, inclusive, | |
| Defendants. | |

# PROTECTIVE ORDER

**GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED** as follows:

## 1. GOOD CAUSE: PURPOSE AND SCOPE

Plaintiff served a Request for Production of Documents to the County of Los Angeles ("COLA"); in response thereto, COLA is producing documents deemed privileged and/or confidential, specifically:

(1) any and all documents pertaining to the internal investigation into Plaintiffs' claims of excessive force;

(2) any and all documents included in the personnel files of Defendants Deputy Hernandez, Deputy Nery, and Sergeant Edie that pertain to:

    (a) complaints or incidents involving use of force [including documents related to the investigation and outcome of the alleged use of force];

    (b) complaints or incidents involving dishonesty, false reporting, or failing to report, [including documents related to the investigation and outcome of the alleged dishonesty, false reporting, or failing to report];

    (c) complaints involving the handling of detainees [including documents related to the investigation and outcome of the alleged handling of detainees]; and

    (d) reprimands relating to use of force, dishonesty, false reporting, failing to report, or the handling of detainees;

(3) internal affairs records and documents pertaining to all allegations of use of force, dishonesty, false reporting, failing to report, or the handling of detainees against Defendants Deputy Hernandez, Deputy Nery, and Sergeant Edie, including the documents related to the internal investigation and outcome of these allegations.

Documents produced under these designations, as well as information extracted therefrom, shall be referred to as "Confidential Information," and shall be subject to this Protective Order.

2. **DURATION**

The confidentiality obligations imposed by this Protective Order shall remain in effect even after the termination of this litigation, and shall not be lifted without further order of this Court.

In the event that the case proceeds to trial, all of the Confidential Information becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

3. **DESIGNATED CONFIDENTIAL INFORMATION**

    3.1. Each party or non-party that designates Confidential Information for protection under this Protective Order shall ensure that such designation is not over-broad, and applies only to those materials, documents, items, or communications (or portions thereof) for which such protection is warranted.

    3.2. Information may qualify as Confidential Information only if it has not been made public.

    3.3. Confidential Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" on each page that contains Confidential Information, provided that such notation does not obscure or obliterate the document contents.

    3.4. An inadvertent failure to designated Confidential Information does not waive the producing party's right to secure protection under this Protective Order. If the producing party discovers after production of the Confidential Information that the information is lacking the appropriate designation, the producing party must timely notify the receiving party, who shall make

reasonable effort to ensure that the Confidential Information is treated in accordance with the provisions of this Order.

4. **TERMS AND CONDITIONS OF USE OF INFORMATION**

    4.1. Under no circumstances shall Confidential Information be used in any proceeding other than the instant case or be disseminated, in any form, except by order of this Court.  Confidential Information must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the person authorized under this Protective Order.

    4.2. Confidential information and information derived therefrom may not be disclosed in any form to anyone not covered under this protective order.

    4.3. Disclosure of Confidential Information designated "Confidential" shall be limited to the personnel and/or classification of persons listed below:

        4.3.1. Any Party to this action and that Party's counsel;

        4.3.2. staff and personnel employed by counsel for any party to this action;

        4.3.3. the Court and court personnel, in connection with this litigation;

        4.3.4. during their depositions, witnesses who, from the face of the document, appear to have previously authored or received it; and

        4.3.5. experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

4.4. Confidential Information that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use Confidential Information must both (a) submit unredacted documents containing Confidential Information under seal and (b) file public versions of the same documents with the Confidential Information redacted.

4.5. Except as set forth in paragraph 4.5.1, counsel for any party to this action shall advise those individuals to whom disclosure of Confidential Information is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order, prior to disclosure of Confidential Information. In the event such individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information shall be made to that individual.

    4.5.1. The foregoing provision shall not apply to the disclosure of Confidential Information to the Court or the Court's staff.

4.6. Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to Confidential Information in any other court proceeding without further order of this Court.

4.7. The parties shall made good faith efforts to consent to the use of Confidential Information, and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.

    4.8.    Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

5. **CHALLENGES TO DESIGNATION OF CONFIDENTIAL INFORMATION**

    5.1.    Should a party challenge the confidentiality of information so designated, that party must do so in good faith, and shall confer directly with counsel for the producing party.

    5.2.    If the parties are unable to resolve the designation informally, the party challenging the designation may file and serve a motion under Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement (and in compliance with Civil Local Rule 79-5, if applicable), identifying the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the party designating Confidential Information. The designation of the challenged information shall remain unchanged until the Court rules on the challenge.

6. **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

    6.1.    If a receiving party learns that it has disclosed Confidential Information to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing party of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the Confidential Information from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto. Should the Court determine that the

|   |   |   |
|---|---|---|
| 1 |   | receiving party intentionally disclosed Confidential Information |
| 2 |   | to an unauthorized party, the Court may consider the imposition |
| 3 |   | of sanctions, including but not limited to monetary sanctions |
| 4 |   | and/or issue preclusion. |
| 5 | 6.2. | Under no circumstances shall the receiving party file in the |
| 6 |   | public record any Confidential Information, without written |
| 7 |   | permission from the producing party or an Order of this Court, |
| 8 |   | and only upon timely written notice to all interested parties.  The |
| 9 |   | parties shall made good faith efforts to consent to the use of |
| 10 |   | Confidential Information, and shall meet and confer to discuss |
| 11 |   | redactions of particularly sensitive information. |

7. **RIGHT TO ASSERT OBJECTIONS**

    7.1. By the entry of this Protective Order, the parties are not waiving any rights that they might otherwise have to objecting to disclosure or production of information on any ground not addressed herein.  The parties do not waive any right to object to the use in evidence of the material covered by this Protective Order.

This Order may not be modified unless by written consent of the parties **and** approval of the Court.

**IT IS SO ORDERED.**

DATED:  March 29, 2012

_____
The Hon. STEPHEN J. HILLMAN
United States Magistrate Judge

1 **Approved as to form and content:**

3  DATED:  March 28. 2012          LAW OFFICES OF DALE K. GALIPO

5                                  By:      /s/ *Dale K. Galipo*
                                       Dale K. Galipo
6                                      Attorneys for Plaintiff

8  DATED:  March 28, 2012          HAROLD G. BECKS & ASSOCIATES

10                                 By:      /s/ *Harold G. Becks*
11                                     Harold G. Becks
                                       Attorneys for Defendants