# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY FOGLEMAN,<br><br>          Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, ET AL.,<br><br>          Defendants. | Case No. CV 10-6793 GAF (SHx)<br><br>*Assigned for Discovery Purposes to the Hon. Stephen J. Hillman*<br><br>**PROTECTIVE ORDER**<br><br>(Joint Stipulation re: Protective Order filed concurrently herewith] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

THE PARTIES HAVING STIPULATED TO THE FOLLOWING, this Court hereby orders as follows:

1.    Defendants will provide documents and information responsive to Plaintiff's Request for Production of Documents designated as "Confidential Information," by Defendants and Defendants' counsel, pursuant to the terms of this Joint Stipulation and Protective Order.  Plaintiff agrees to honor and abide by these terms in regards to the writings, information, testimony, and tangible things designated as "Confidential Information," and which is subject to the terms and conditions of this Joint Stipulation and Protective Order.

2.    The term "Confidential Information" refers to, and consists of, writings, documents, information, and tangible things, including, but not limited to, pictorial representations, including, but not limited to, photographs, diagrams, and writings, and video and audio tapes and cassettes, DVD's and CD's, and includes any writing relating or referring thereto, and any copy, duplication and/ or replication thereof, which has not been made public (collectively, the "Confidential Information"), and for which, for the reasons stated in Paragraphs 6-13, good cause exists to maintain the confidentiality of the "Confidential Information."

3.    The following documents and things have been designated as Confidential Information; it should be noted that some of the items have not been verified to exist:

a.    Any and all documents pertaining to the internal investigation into Plaintiff's claims of excessive force;

b.    Any and all documents included in the personnel files of Defendants Deputy Christopher Hernandez, Deputy Nicholas Nery, and Sergeant Linda Edie that pertain to:

(i)  Complaints or incidents involving use of force [including documents related to the investigation and outcome of the

alleged use of force];

(ii) Complaints or incidents involving dishonesty, false reporting, or failing to report, [including documents related to the investigation and outcome of the alleged dishonesty, false reporting, or failing to report];

(iii) Complaints involving the handling of detainees [including documents related to the investigation and outcome of the alleged handling of detainees]; and

(iv) Reprimands relating to use of force, dishonesty, false reporting, failing to report, or the handling of detainees;

c.     Internal affairs records and documents pertaining to all allegations of use of force, dishonesty, false reporting, failing to report, or the handling of detainees against Defendant Deputy Christopher Hernandez, Deputy Nicholas Nery, and Sergeant Linda Edie, including the documents related to the internal investigation and outcome of these allegations.

4.     Documents produced by Defendants to which production of said documents Defendant objects on the basis of privilege or confidentiality, will be produced, if so ordered or by stipulation of the parties.  When and if such "privileged" documents are produced, these documents will be subject to the terms of this Joint Stipulation and Protective Order.

5.     The Confidential Information shall only be released, transmitted, delivered, given, or otherwise transferred physically to the attorneys of record in this case, except as authorized in Paragraph 16, herein.

6.     The attorneys of record to this case may discuss the Confidential Information with any party to this case, for the purpose of litigating the case of *JEREMY FOGLEMAN v. County of Los Angeles, et al.,* United States District Court, Central District Case No. Case No. CV 10-6793 GAF (SHx), and for no

other purpose, except by further stipulation of the parties or by court order for the litigation of the above-entitled action. Counsel for Plaintiff may show the videos, photographs, and documents listed in Paragraphs 3 to Plaintiff Jeremy Fogleman, if any.

7.    As a condition of receiving the Confidential Information, all counsel for the Plaintiff and for the Defendants shall personally safeguard and keep confidential in their possession, custody and control,, all Confidential Information, and all copies thereof, provided by the County of Los Angeles and other Defendants. The Confidential Information  and all copies are to be used only for the purposes set forth below, and only for the purpose of litigating the case of *JEREMY FOGLEMAN v. County of Los Angeles, et al.,* United States District Court, Central District Case No. Case No. CV 10-6793 GAF (SHx), and for no other purpose, except by further stipulation of the parties or pursuant to court order.

8.    The attorneys of record to this case may release, transmit, deliver or transfer physically, the Confidential Information, and may discuss the Confidential Information with, subject to the terms of this Joint Stipulation and Protective Order, the following persons, for the purpose of litigating the case of *JEREMY FOGLEMAN v. County of Los Angeles, et al.,* United States District Court, Central District Case No. Case No. CV 10-6793 GAF (SHx), and for no other purpose, except by further stipulation of the parties or by court order:

        a.    Any party to this action and that Party's counsel;

        b.    counsel, paralegal, stenographic, clerical, secretarial and other staff personnel employed by counsel for any party;

        c.    court personnel, including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial, including the trial itself, in this action;

        d.    an outside expert or consultant retained in connection with this

1  action, and not otherwise employed by any party;

2  e.  witnesses who, from the face of the document, appear to have

3  previously authored or received it;

4  f.  an investigator retained to work on this case by counsel for any

5  party to this case; and

6  g.  Any individual identified in sub-parts d. and e. of this

7  Paragraph must sign an agreement ("Acknowledgment and

8  Agreement to Be Bound") that the individual has read and

9  understood this Joint Stipulation and Protective Order, and that

10  the individual will also be bound by the provisions of this Joint

11  Stipulation and Protective Order.  A true and correct copy of the

12  "Acknowledgment and Agreement to Be Bound" is attached

13  hereto, marked Exhibit "A", and is incorporated herein by this

14  reference as though fully set forth at length herein.

15  9.  Plaintiff's counsel alone will have physical possession, custody,

16  control and access to the Confidential Information, and will be prohibited from

17  releasing, transmitting, delivering, giving, or otherwise transferring physically, or

18  negligently allowing physical possession of Confidential Information to be

19  transferred, or discussing, disclosing, disseminating, or otherwise divulging,

20  Confidential Information, except as otherwise provided in Paragraph 17 of this

21  Joint Stipulation and Protective Order, to any other person or persons, including

22  Plaintiff Jeremy Fogleman, or to any witness or other complainant.  Plaintiff's

23  counsel shall not provide Plaintiff, either orally or in writing, with the addresses

24  and telephone numbers of any person, including the individual defendants and

25  County employees, but Plaintiff's counsel may discuss the information obtained

26  from any investigation conducted with witnesses or complainants.

27  10.  The Confidential Information, and copies of Confidential Information

28  shall only be used for defending and prosecuting the instant case pending the

**PROPOSED PROTECTIVE ORDER**

completion of the judicial process, including appeal, if any.

11.     The parties and their counsel are prohibited from releasing, transmitting, delivering, giving, or otherwise transferring physically, or discussing, disclosing, disseminating or otherwise divulging, to the general public, or to any member of the press, or news or entertainment media or outlet, any of the Confidential Information, or any information derived from discovery during this litigation, including, but not limited to, any demand or request for production of documents, request for admissions, interrogatories, depositions, or any other discovery device.

12.     Any Confidential Information used in the present action shall remain privileged at all times.  To the extent that any Confidential Information is to be used as part of a motion or other public filing, the party shall comply with Local Rule 79-5.

13.     Upon conclusion of the above-entitled action, including any appeal, all Confidential Information, as well as any information or documents obtained and/or derived from the disclosure of the Confidential Information, shall be kept confidential and shall be returned to the producing party or non-party, as the case may be.

14.     Counsel for all parties are prohibited from causing, directly or indirectly, the release, transmittal, delivery, giving, or the physical transfer, and are prohibited from discussing, disclosing, disseminating or otherwise divulging, to the general public, or to any member of the press, or news or entertainment media or outlet, the Confidential Information, or contents thereof, received from the County of Los Angeles, especially the personal information of witnesses, except as expressly provided under the terms and conditions of this Joint Stipulation and Protective Order.

15.     If, in connection with any deposition taken in this action, Plaintiff's attorneys question a witness regarding materials subject to this Joint Stipulation

and Protective Order, or uses Confidential Information as deposition exhibits, then at the at the request of any counsel for any of the parties, the portions of the transcripts of such deposition testimony dealing with the confidential material, and any exhibits, shall be sealed and made subject to the provisions of this Joint Stipulation and Protective Order.

16.    This Joint Stipulation and Protective Order is entered into solely for the purpose of facilitating the exchange of the Confidential Information between the parties hereto.  Nothing in this Joint Stipulation and Protective Order, nor in the production of the information or documents designated as Confidential Information under the terms of this Joint Stipulation and Order shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any document or information, or to preclude the parties from asserting other privileges with regard to said information and/or document.

17.    Nothing in this Joint Stipulation and Protective Order is intended to prevent officials or employees of the Los Angeles County Sheriff's Department or other authorized individuals from having access to the documents if they would have had access in the normal course and scope of the performance of their job duties.

18.    Subject to the further order of the Court or further stipulation by counsel for the parties, this Joint Stipulation and Order shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings herein, and the Court shall have continuing jurisdiction to enforce its terms.

**RESOLUTION OF DISPUTES AND PENALTIES**

**FOR DISCLOSURE OF CONFIDENTIAL INFORMATION**

19.    All disputes regarding this Joint Stipulation and Protective Order shall be resolved by a motion filed in accordance with the procedures of Local Rule 37, including disputes relating to the violation of this Joint Stipulation and Protective

Order.  The parties will attempt to resolve the issue pursuant to Local Rule 37 before submitting the issue to the Court by way of a motion.  The parties hereto will continue to treat the Confidential Information at issue as confidential and subject to this Stipulation and Protective Order until the Court rules upon the dispute.

20.    Because this Joint Stipulation and Protective Order is an Order of the Court, any party or parties, who violate the Joint Stipulation and Protective Order is subject, to the sanctions set forth in *Federal Rule of Civil Procedure*, Rule 37(b), as the Court shall determine just and reasonable, in the Court's discretion, including an order:

      a.    Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

      b.    Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

      c.    Striking pleadings in whole or in part;

      d.    Staying further proceedings until the order is obeyed;

      e.    Dismissing the action or proceeding in whole or in part;

      f.    Rendering a default judgment against the disobedient party; or

      g.    Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

21.    If a party discovers that, by inadvertence or otherwise, the party has disclosed, or that or any other person has disclosed, by inadvertence or otherwise, Confidential Information to any person or in any circumstance not authorized under Paragraph 17 of this Stipulation and Protective Order, that party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all copies of the Confidential

Information, (c) inform the person or persons to whom unauthorized disclosures

were made of all the terms of this Joint Stipulation and Protective Order, and (d)

request such person or persons to execute the "Acknowledgment and Agreement to

Be Bound" that is attached hereto as Exhibit "A."

22.    Any party who inadvertently fails to designate properly or identify

Confidential Information as "Confidential Information" shall, promptly upon

discovery of the party's oversight, provide written notice of the error and substitute

appropriately-designated and identified Confidential Information.  Any party

receiving such improperly-designated or unidentified Confidential Information

shall retrieve such documents from persons not entitled to receive the Confidential

Information; and, upon receipt of the substitute Confidential Information, the party

shall return or destroy the improperly-designated or unidentified Confidential

Information.

23.    This Joint Stipulation and Protective Order is entered into without

prejudice to the right of any party to challenge the propriety of discovery on other

grounds, and nothing contained herein shall be construed as a waiver of any

applicable privilege, nor of any objection that might be raised as to the

admissibility at trial of any evidence.  In particular, Defendants' decision to enter

into this Stipulation and Protective Order is made without waiver of the privileges

and rights afforded to them, including, but not limited to, the right to privacy

embodied by the United States Constitution or the right to object at the time of trial

to the admissibility of the documents or to preclude Defendants from filing

pre-trial motions with regard to the admissibility thereof or the information

contained therein.

24.    Plaintiff's counsel will advise Defendants' counsel if Plaintiff's

counsel thinks that any document or thing designated as Confidential Information

pursuant to this Joint Stipulation and Protective Order does not warrant that

designation.  The parties will attempt to resolve the issue pursuant to Local Rule 37 before submitting the issue by way of motion to the Court.  The parties hereto will continue to treat the Confidential Information at issue as Confidential Information, and subject to this Joint Stipulation and Protective Order until the Court rules upon the dispute.  Plaintiff's counsel shall bear the burden of proof.

25.     Any party may request a change in the designation of any document or thing identified as Confidential Information.  The parties will attempt to resolve the issue pursuant to Local Rule 37 before submitting the issue by way of motion to the Court.  Any such document or thing shall be treated as Confidential Information in accordance with the terms of this Joint Stipulation and Protective Order until the issue is resolved by way of agreement among the parties or by way of an order of the Court ruling upon the dispute.  The party requesting the change bears the burden of proof.

26.     Any party may apply to the Court for a modification of the Joint Stipulation and Protective Order.  Nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.  No action taken in accordance with the Joint Stipulation and Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.  The parties will attempt to resolve the issue pursuant to Local Rule 37 before submitting the issue by way of motion to the Court.  The terms of the Joint Stipulation and Protective Order shall remain in full force and effect until the Court rules upon the motion.  The party requesting the modification bears the burden of proof.

/ / /

/ / /

**PROPOSED PROTECTIVE ORDER**

1  **IT IS SO ORDERED.**

2

3

4

5  Dated:  April 13, 2012

   _____
   The Hon. STEPHEN J. HILLMAN
6  United States Magistrate Judge

7

8  **Approved as to form and content:**

9  Dated:  April 12, 2012        **HAROLD G. BECKS & ASSOCIATES**

10

11                              By:  /s/ Harold G. Becks
                                 Attorneys for Defendants
12                              COUNTY OF LOS ANGELES, *et al.*

13

14  Dated:  April 12, 2012       **LAW OFFICES OF HUMBERTO GUIZAR**

15

16                              By: /s/ Humberto Guizar
                                 Co-Attorneys for Plaintiff
17                              JEREMY FOGLEMAN

18

19  Dated:  April 12, 2012       **LAW OFFICES OF DALE GALIPO**

20

21                              By: /s/ Dale K. Galipo
                                 Co-Attorneys for Plaintiff
22                              JEREMY FOGLEMAN

23

24

25

26

27

28

**PROPOSED PROTECTIVE ORDER**