**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     **(In Chambers)**

## ORDER RE: MOTIONS IN LIMINE

The following order sets forth the Court's ruling on the motions in limine filed in this case. The motion for severance is addressed in a separate order.

## I.
## BACKGROUND

The following sets forth a brief description of the pending dispute as background to the discussion of the individual motions set forth below.

In 2008, Plaintiff Jeremy Fogleman was an inmate at the Los Angeles County Men's Central Jail. In his capacity as a jail trustee, Plaintiff reported a visible hazard posing a perceived safety risk to Los Angeles Sheriff's Deputy Hernandez, who allegedly responded by kicking Plaintiff two times on the inside of his left foot, striking him on the right side of the head, and punching him on the side of the body. Plaintiff claims that he immediately experienced severe pain in his hip which has continued on a daily basis to the present.

Plaintiff reportedly responded to the alleged assault by reporting the incident to a

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

custodial officer, who reported it to Sergeant Eide.[1]  Immediately after giving Sergeant Eide his report, Plaintiff was subjected to racial slurs including "farmboy" and "redneck" by other Sheriff deputies.  One deputy also allegedly made barnyard animal sounds to ridicule Plaintiff.  Plaintiff contends that he was examined by medical staff, who stated that nothing was wrong with him.  According to Plaintiff, Sergeant Eide thereafter admonished Plaintiff for complaining about the incident and warned that Deputy Hernandez would get even with Plaintiff for reporting him.  Two days later, according to Plaintiff, in retaliation for Plaintiff's report of Deputy Hernandez's use of force,  Deputy Nery took Plaintiff to housing unit "2200," the unit for gang members facing serious felony charges.  In the gang unit, where Plaintiff was the only Caucasian inmate with no gang ties, Plaintiff was physically and sexually assaulted by inmates.   Plaintiff alleges that he tried to report the attacks, but that his complaints were ignored and County personnel took no action.  According to the operative complaint, Plaintiff had to pay money to another inmate for his protection and safety.

On the basis of these events, Plaintiff asserts four claims for constitutional violations, brought pursuant to 42 U.S.C. § 1983, against Defendants Hernandez, Nery, and Eide: (1) for unreasonable and excessive use of force in violation of the Fourth and Fourteenth Amendments, against Defendant Hernandez, in connection with his physical attack on Plaintiff; (2) for deliberate indifference to a substantial risk of serious harm, in violation of the Eighth and Fourteenth Amendments, against Defendants Hernandez, Nery, and Eide, in connection with their transfer of Plaintiff to the gang unit; (3) for retaliation in violation of Plaintiff's First Amendment rights, against Hernandez, Nery, and Eide; and (4) for failure to intervene to prevent civil rights violations, in violation of Plaintiff's Eighth and Fourteenth Amendment rights, against Hernandez, Nery, and Eide.

### II.
### PLAINTIFF'S MOTIONS IN LIMINE

<u>Motion</u> in <u>Limine</u> <u>No</u> 1: To Exclude Drug and Alcohol Evidence

---

[1] It appears that Plaintiff erroneously sued Sgt. Eide as Sgt. Edie.  The Court refers to her as Sgt. Eide throughout this order.

**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

Plaintiff moves to exclude evidence that he has used illegal drugs and alcohol on the ground that it is not relevant to any issue in the case and creates an undue risk of prejudice under Rule 403, Fed. R. Evid. Defendant argues that the evidence is relevant to the claimed injury and therefore to the alleged damages suffered by Plaintiff.

The Court agrees that the evidence *might be* relevant on the subject of damages, although that has not been definitively established at this point. However, the evidence is not relevant as to liability and poses a risk of substantial prejudice. Whether or not Plaintiff is a drug user has absolutely nothing to do with his treatment while a prisoner in county jail. Sheriff's deputies are not permitted to deprive drug users and alcoholics of their Constitutional rights under the First, Fourth, Eighth and Fourteenth Amendments any more than they can deprive any other person of those rights. Accordingly, so that all relevant evidence will not be excluded as to damages, but without the risk of prejudicing the jury on the liability issue, the Court will bifurcate the issues of liability and damages.

The motion is therefore **GRANTED IN PART** and **DENIED IN PART**. It will be precluded in the liability phase of the case, but open to further consideration on the issue of damages if Plaintiff prevails in the liability phase.

Motion in Limine No. 2: To Exclude Evidence of Plaintiff's Prior and Subsequent Contacts with Law Enforcement

Plaintiff seeks to exclude evidence of his criminal history, including arrests, detentions and convictions, as irrelevant and unduly prejudicial except to advise the jury that Plaintiff was in custody at the jail on a misdemeanor conviction. He contends that there is nothing in his criminal record that gave rise to any of the acts that form the basis of his claims in this case. He also argues that even if the evidence has some slight probative value, its value is substantially outweighed by the potential for prejudice, jury confusion and undue consumption of court time. Fed. R. Evid., Rule 403. Finally, he asserts that the convictions have no bearing on his character for veracity and therefore cannot be used under Rule 609, Fed. R. Evid.

Defendants oppose. They contend that Plaintiff had the knowledge and experience to concoct his version of the facts based on his prior incarcerations, which involved possession of marijuana, driving on a suspended license and felony drunk driving.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

Defense counsel notes what he contends are defects in Plaintiff's story, and contends that he should be permitted to attack Plaintiff's credibility as a person who is "jail savvy."

The Court is not persuaded by Defendants' argument. The allegedly false statements made by Plaintiff do not reflect any particular "jail savvy." For example, Defendants argue that Plaintiff says the assault occurred in a location – a store room – where there were no other witnesses. One would not need to spend time in jail to figure out that a falsified story about an assault would have to involve a location where there were no witnesses. Likewise, Defendants contend that Plaintiff's failure to lodge a complaint about the sexual assaults in the gang unit is incredible because he knew that a complaint procedure existed and could have been used. But there is no evidence that Plaintiff will claim that he was unaware that he could make a complaint. Rather, his contention is that making a complaint is what led to his transfer to the gang unit in the first place and that didn't work out very well. Thus, there is no need to show his prior incarcerations to prove that he knew that a complaint process existed. The real question is how the complaint process was honored or abused by those in charge at county jail, and that has nothing to do with Plaintiff's prior or subsequent contacts with law enforcement.

The opposition to the motion persuades the Court that Defendants intend to employ a trial strategy that involves the assassination of Plaintiff's character. This will not be permitted. The motion to exclude evidence of other contacts with law enforcement, including evidence of prior incarcerations, is **GRANTED.**

Motion in Limine No. 3: To Exclude or Limit Testimony of Defendants' Police Practices Expert Clarence R. Chapman

Plaintiff moves to exclude the testimony of Clarence Chapman, a police practices expert, regarding Fogleman's credibility and the Defendants' compliance with Sheriff's Department policies and procedures. Plaintiff contends that Chapman's report contains improper opinions on Fogleman's credibility, in part because it is based on medical evidence that he is not qualified to assess, and that compliance with departmental procedures is irrelevant to whether or not a constitutional violation has occurred, citing Way v. County of Ventura, 445 F.3d 157 (9th Cir. 2006).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

    Defendant opposes the motion. With respect to credibility, Defendants concede that the case is essentially a credibility contest. Defendants write:

> Bearing in mind that this case revolves around the credibility of plaintiff (who told one story) in opposition to the credibility of Deputy Hernandez (who told an entirely different story than plaintiff), determination of the truth necessarily requires consideration of collateral and circumstantial evidence that will aid the finder of fact in determining which witness to believe. The interpretation of those facts is a subject well within Mr. Chapman's expertise on excessive force in the custodial setting, and plaintiff does not object to that aspect of Mr. Chapman's expertise.

Oppos., at 3-4. Defendants further contend that, because Chapman relied in part on a videotaped interview of Fogleman, his opinion is proper under Griffin v. Hardwick, 604 F.3d 949, 955 (6th Cir. 2010).

    Defendants' argument is entirely unpersuasive and actually supports Plaintiff's view of what Defendants seek to accomplish with Chapman's testimony. This is not a case where a police practices expert is needed to assist the jury in understanding the evidence, particularly the evidence regarding Fogleman's claimed injury. The case does not involve any material issue regarding police tactics, which is common in, say, deadly force cases or barricaded suspect cases. Rather, the allegation is that an officer engaged in an unprovoked assault on an inmate and then retaliated against the inmate when the inmate complained. No one could argue that, if the allegations are true, they are defensible as a proper police practice. Thus, Chapman's role at trial would be to act as an interpreter of evidence readily understood by the jury and to give his opinion why the officers' version of the facts is correct. In the Court's experience, where the issue is credibility, a jury does not need the assistance of an expert to interpret the facts regardless of the setting where the relevant events took place.

    Defendants' reliance on Griffin v. Hardwick, 604 F.3d 949, 955 (6th Cir. 2010) is misplaced. Beside the fact that it is an out-of-circuit decision, that case held only that, where the actual incident at issue in the lawsuit had been videotaped, the trial judge could consider its content in ruling on a motion for summary judgment. That is a far cry from having an expert review a complaining witness's statement, whether recorded on

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

videotape or otherwise, and then opine on how that statement squares with the facts as the expert views them. Such testimony amounts to little more than an expert's view of the witness's credibility, creates an opportunity for Defendants to have the expert give their closing argument in the guise of testimony. As noted, the credibility question is well within the competence of the jury.

As to Defendants' alleged compliance with Sheriff's Department policies, Defendants contend that Way v. County of Ventura does not hold that such evidence should be precluded. Way involved a challenge to Ventura County's strip search policy, which authorized a visual body cavity search of all persons arrested on misdemeanor drug charges. The policy was held to be unconstitutional, but defendants obtained a ruling in their favor on qualified immunity grounds. The case therefore holds that an officer's compliance with policy will exonerate him on qualified immunity grounds where there is a basis for asserting that defense. It does not hold that evidence of compliance with policy can never be relevant in determining whether a constitutional violation has occurred.

However, the Court has reviewed Chapman's report and the background facts in this case and concludes that expert evidence regarding supposed compliance with policy is relevant. To reiterate, this case involves the officers' assertion that Fogleman was not assaulted and that he was not subjected to retaliation for making what they contend was a false complaint of an improper use of force. They thus contend that they behaved in an entirely appropriate manner and in compliance with policy. They may offer such testimony, and the question will be whether or not they are believed, not whether they invoked a policy that permitted assaults on prisoners or allowed for retaliation if an inmate falsely reported an improper use of force. The jury will be asked to determine which version of the facts they believe, and that determination does not require expert testimony.

Accordingly, based on the foregoing, the motion is **GRANTED** and the Court further **ORDERS** that the testimony of Chapman will be excluded in its entirety.

## III.
## DEFENDANTS' MOTIONS IN LIMINE

**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

Motion in Limine No. 1: To Exclude Testimony or Appearance at Trial of Defendant Sheriff Lee Baca

Defendants move to preclude Sheriff Baca from appearing at or testifying at the trial of this lawsuit. The motion states that he "is a high ranking government official who, absent extraordinary circumstances not appearing in this case, may not be compelled to testify at deposition or trial." Plaintiff opposes.

In view of the Court's determination that the case against Sheriff Baca and the County will proceed together with the claims against the individual officers, clearly Sheriff Baca can be compelled to testify. However, he need not attend trial on a daily basis and no comment on whether he does or does not attend would be appropriate. Accordingly, the motion to preclude his testimony is **DENIED** and the motion to preclude any comment regarding his attendance at trial is **GRANTED.**

Motion in Limine No. 2: To Exclude Evidence of News Reports Concerning Use of Force, Deputy Misconduct, or Regarding Los Angeles Sheriff's Department and its Personnel

Defendants move to exclude evidence of news reports regarding conditions at county jail. Defendants contend that such evidence is hearsay and unreliable. See generally, Abruzzi Foods, Inc. v. Pasta & Cheese, Inc., 986 F.2d 605, 606-07 (1st Cir. 1993); Use of Newspaper Article as Evidence of the Truth of the Facts Stated Therein, 55 A.L.R. 3d 663 (1974). Defendants do not cite any specific article that they seek to exclude.

Plaintiff argues in opposition that he does not want to prove the truth of the content of the articles but rather to use them to show notice or knowledge to the recipient of the statement. Saul Zaentz Co. v/ Wozniak Travel, Inc., 627 F. Supp. 2d 1096, 1113 (N.D. Cal. 2008) (trademark registration as evidence of notice to the reader); George v. Sonoma County Sheriff's Dept., 2010 WL 4117372 *5 (N.D.Cal. 2010) (grand jury reports). Plaintiff also contends that, under Fed. R. Evid., Rule 801(d)(2)(A), quoted remarks from named Defendants – Baca in particular – are admissible as admissions by a party opponent and that he should be entitled to question the Sheriff about such statements. Finally, in an apparent abundance of caution given the potential breadth of the motion,

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

Plaintiff argues that it should also be permitted to present evidence of the 1999 Memorandum of Understanding between the Sheriff's Department and the United States Department of Justice regarding jail conditions, and the 2006 Department of Justice report in which it found noncompliance with many of its recommendations.

The motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Except as discussed below, newspaper articles and other news reports regarding jail conditions are excluded as hearsay. Moreover, to the extent that such articles are not offered to prove the truth of the matters asserted, they are not relevant. But even if the Court were to conclude that the articles were probative on some material fact in the case, such as notice to decision makers, the Court concludes that the indiscriminate admission of such material creates a substantial risk of undue prejudice. Fed. R. Evid., Rule 403.

(2) Newspaper articles that contain quoted statements from Sheriff Baca, from any County official at a policy-making level, and from any of the named defendants in this case, may be admitted pursuant to Rule 801(d)(2)(A).

(3) The 1999 Memorandum of Understanding between the County of Los Angeles and the United States Department of Justice regarding corrective action at the county jail facility may be admitted. That document, which evidences the County's undertaking with regard to the jail, is verbal conduct and not hearsay. It is relevant and admissible in this lawsuit.

(4) Subject to the presentation of a proper foundation, which the Court assumes will present no significant hurdle, the 2006 report by the Department of Justice is admissible for the non-hearsay purpose of establishing notice on the part of policy-making level officials of continuing constitutional violations in the operation of the county jail facility. Furthermore, the Court concludes that the report is admissible under Rule 803(8), Fed. R. Evid.

Motion in Limine No. 3: To Exclude ACLU Reports

Defendants note that some of the allegations found in Plaintiff's complaint are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

purportedly based on statements found in ACLU reports and asks that the reports be excluded as hearsay. Furthermore, Defendants argue that the evidence is not relevant and that any marginal probative value would be outweighed by its potential for undue prejudice.

Plaintiff argues in opposition that the evidence is offered for a non-hearsay purpose – notice of constitutional violations at the jail – and should be admitted.

The motion to exclude is **GRANTED.** The contention that the information is not offered for the truth does not support the claim of admissibility. Notice of untrue facts is not notice that would matter in this case at all. Therefore, unless the out-of-court statements are true, the information contained therein is not relevant. But even if the Court were to conclude that the evidence in the report had probative value, the potential for prejudice is great and outweighs any such probative value. Finally, given the Court's ruling allowing evidence of the Department of Justice Memorandum of Understanding and the 2006 Department of Justice Report, this evidence even if true would be cumulative.

Motion in Limine No. 4: To Bifurcate Determination of Compensatory and Punitive Damages

Defendants move to exclude evidence regarding the Plaintiff's entitlement to punitive damages from the liability phase of the trial. Defendants contend that bifurcation will serve judicial economy, separate the conceptually different issues of liability from personal blame and punishment, and eliminate the risk that "the jury might take the considerations for applying to the punitive damages question as being applicable to the standard or conduct meriting an award of compensatory damages, and thereby be improperly influenced in the amount of compensation awarded."

Plaintiff argues in opposition that, while the amount of punitive damages could be appropriately bifurcated, the entitlement to punitive damages – that is, whether the defendants acted with malice, oppression, or reckless disregard of rights – arises (or not) from the same events and evidence that will be presented on the issue of liability. For this reason, Plaintiff contends that there is no economy to be realized by deferring the question to a second phase.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

The Court is satisfied that some economy may be achieved through the proposed bifurcation and that bifurcation will eliminate any potential prejudice that might result from combining the arguments for compensatory and punitive damages.  Moreover, as indicated above, the Court intends to separate the damages and liability phases in any event.  Therefore, if the jury finds liability as to some of the defendants, only those defendants will be subjected to any damages determination, at which time the jury may properly consider both compensatory and punitive damages.   Moreover, such bifurcation will not require duplication of effort because the damages question will be argued to the same jury that determines the liability issues.

The motion is **GRANTED.**


Motion in Limine No. 5: To Exclude Testimony of Robert Olmstead

Defendants move to exclude testimony of Robert Olmstead, a former high ranking Sheriff's Department officer who was a Commander in the Custody Bureau.  Defendants argue that they are seeking a protective order because of the "numerous privileges pertaining to the anticipated testmiony of Mr. Olmstead, associated with his high command position and the confidential information to which he had access in his position of assisting Sheriff Baca and the Los Angeles Sheriff's Department in its defense of civil litigation."  No other specifics are provided.  On the basis of this assertion, and noting the pendency of a discovery motion seeking a protective order, Defendants ask the Court to conditionally grant the motion.

Plaintiff opposes and argues that Defendants have not met their burden of showing that an evidentiary privilege applies.  Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988).  Plaintiff points out that the case involves allegations of supervisorial liability, and that Olmstead held a position that would enable him to testify regarding the level of knowledge of high ranking officials regarding the use of excessive force and retaliation by custody deputies assigned to the jail. Plaintiff further asserts that he has no intention of seeking attorney-client communications or material prepared in anticipation of litigation, and points out significant deficiencies in the other privilege arguments that are being made in discovery proceedings before the Magistrate Judge.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

The motion strikes the Court as a clear effort to prevent Plaintiff from obtaining highly relevant evidence in this very serious civil rights case. While there may be areas of legitimate concern on the part of Defendants, this witness was undeniably situated to be privy to relevant, admissible information regarding the supervisorial and Monell claims. There is simply no way that the Court would allow a blanket bar of all of his testimony in a case like this one. Accordingly, the motion is **DENIED.**

Motion in Limine No. 6: To Exclude Evidence Regarding Other Jail Incidents of Alleged Excessive Force

Defendants contend that Plaintiff seeks to admit evidence of a number of other specific incidents of the use of excessive force within the jail, and move to exclude such evidence as irrelevant and prejudicial, and possibly involving the use of hearsay. Defendants move to exclude all such evidence.

Plaintiff argues that the evidence is relevant to the Monell and supervisorial liability claims because it would tend to show notice of the tendency of custody deputies to use excessive force against inmates, from which Plaintiff would argue that the failure to act in response to these claims would constitute evidence that policy-makers had ratified the conduct and showed a deliberate indifference to the consequences of these constitutional violations to persons held in county custody.

The Court's determination of this motion turns on precisely what kind of evidence Plaintiff intends to offer. Clearly certain kinds of evidence – the DOJ Memorandum of Understanding and the 2006 report – bear directly on the supervisorial and Monell claims. The Court has already indicated that it would permit such evidence. However, this motion seems to be directed at other types of evidence. Since neither side has provided any details regarding the evidence to be offered, the Court cannot rule at this time. The ruling on this motion will be deferred.

Motion in Limine No. 7: To Exclude Evidence Regarding Defendant Christopher Hernandez and Other Defendants with Respect to Discipline, Other Use of Force, and Reports in News Media

Deputy Hernandez has apparently been the subject of other excessive force

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

complaints while serving as a custody deputy. Defendants contend that, under <u>Maddox v. City of Los Angeles</u>, 792 F.2d 1408, 1417 (9th Cir. 1986), evidence of an internal affairs investigation cannot be admitted under Rule 407, Fed. R. Evid., because it involves subsequent remedial measures taken after the occurrence of an incident and its potential for prejudice outweighs its probative value. See also <u>Duran v. City of Maywood</u>, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (analysis of admissibility of other incident under Fed. R. Evid. Rule 404(b)). Hernandez even contends, citing <u>Specht v. Jensen</u>, 863 F.2d 700, 701-02 (10th Cir. 1988), that documents such as a press release describing the investigation and its conclusions that officers used poor judgment would fall within the exclusionary rule of Rule 407. However, Defendants concede that the evidence would be admissible to prove <u>Monell</u> liability, which will be tried with the individual officer's liability in this case.

     Plaintiff argues that, because he must prove that Hernandez acted intentionally, the evidence is admissible against Hernandez to show intent, knowledge and absence of mistake. He also argues that the evidence is relevant to a claim for punitive damages and impeachment. Finally, although Plaintiff does not specifically address <u>Monell</u> and supervisorial liability, the Court has noted that Defendants concede that the evidence would be admissible on those claims.

     The Court concludes that the evidence may be admitted. The Rule 407 argument misses the mark. First, the discussion in <u>Maddox</u> focused on the California rule, not Rule 407, in respect to a supplemental claim for negligence under California law. Second, Rule 407 applies principally where the incident in litigation is the incident that was the subject of the subsequent remediation, which is not the case here. This case is more properly analyzed as a Rule 404(b) question. Under Rule 404(b), the Court is persuaded that the evidence may be considered as against Hernandez, Baca and the County on each of the grounds identified by the parties. It is particularly important that, in a case involving allegations of a long-standing custom and practice of brutality within the jail by a particular officer that Plaintiff be permitted to present evidence regarding the history of complaints brought against that officer. There is no doubt some threshold that must be established before such evidence would be admitted, but whatever that threshold, it is something less than 20 to 23 uses of force.

     The motion is **DENIED.**

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

<u>Motion</u> in <u>Limine</u> <u>No.</u> 8: To Exclude Evidence Regarding the Personnel File of Sgt. Linda Eide

Defendant moves to preclude evidence from Sgt. Eide's personnel file because she has been or will be dismissed from the lawsuit. Plaintiff has filed no opposition.

The motion is **GRANTED.**

<u>Motion</u> in <u>Limine</u> <u>No.</u> 9: To Exclude Evidence of County's Ability to Pay a Judgment

Defendants move to exclude the presentation of evidence or argument regarding the subject of the County's ability to pay a judgment. Defendants contend that it might suggest to jurors that the County has unlimited means, thus justifying high judgments, or that the burden falls on taxpayers, thus justifying a meager judgment. Defendants suggest that the subject be avoided altogether.

Plaintiff does not directly address the argument but rather focuses on the issue of the County's indemnification of its employees for the payment of compensatory damages. Plaintiff concedes that evidence as to compensatory damages should not be offered unless the County argues that a finding of liability and the obligation to pay will make it difficult to attract applicants for jobs with the Sheriff's Department. However, Plaintiff argues that evidence as to who pays the punitive damage award should be presented because "a contrary result would be inconsistent with the deterence purpose of section 1983."

The Court concludes that the entire subject of who pays is not relevant and must not be the subject of inquiry by either side. Moreover, with respect to punitive damages in particular, there is no way to predict who will pay because Cal. Govt. Code § 825(b) allows for indemnification in the discretion of local officials, but only when the local government makes certain findings. Accordingly, the motion to exclude evidence regarding the source of payment is **GRANTED.**

<u>Motion</u> in <u>Limine</u> <u>No.</u> 10: To Exclude Expert Testimony Beyond that Given at Deposition

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

    In this motion, Defendant seeks to exclude evidence from expert witnesses beyond that included in their depositions. Given that the depositions are not concluded, the motion is **DENIED** as premature.

Motion in Limine No. 11: To Exclude Documents not Produced, or made Unavailable by Acts of Plaintiff

    This motion is based on the hypothetical proposition that Plaintiff should not be permitted to use documents not produced as required under Rule 26(a), F.R.C.P., not produced in response to a proper discovery request or otherwise "made unavailable" by Plaintiff. Defendants offer no evidence that any such thing has occurred. Plaintiff opposes by noting that Defendants have not sought the exclusion of any specific item of evidence.

    The motion is **DENIED.**

Motion in Limine No. 12: To Exclude Witnesses from the Courtroom

    Defendants move to exclude witnesses from the Courtroom unless they are testifying. Plaintiff agrees except that Plaintiff asks that, once a witness has concluded his or her testimony, the witness be permitted to sit in the Courtroom and observe proceedings.

    The motion is **GRANTED** to exclude witnesses prior to the completion of their testimony. Any witness who has completed his or her testimony may thereafter remain in court and watch the proceedings.

Motion in Limine No. 13: To Exclude Reference to Module 2200 as a Gang Module

    Defendants move to exclude Plaintiff from referring to Module 2200 as a gang module. Defendants contends that, during deposition, Plaintiff could not lay an adequate foundation for characterizing Module 2200 as a unit where gang members are housed. Plaintiff responds by indicating that he does not intend to use the term "gang unit" in his testimony but that he has personal knowledge of the crimes committed by individuals housed in that unit and can testify to those facts.

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-6793 GAF (SHx) | Date | July 25, 2012 |
|---|---|---|---|
| Title | Jeremy Fogleman v. County of Los Angeles et al | | |

Based on the state of the record now before the Court, the motion is **GRANTED** and Plaintiff is precluded from referring to Module 2200 as the "gang module" or the "gang unit."

Motion in Limine No.14: To Exclude Testimony Regarding Alleged Racial Slurs or Epithets

Plaintiff claims that while being escorted from one location to another in county jail, an African-American deputy who accompanied him made barnyard noises and referred to Plaintiff as "red-neck" and "farm boy." Defendant contends that the statements are not relevant and create the potential for undue prejudice. The Court has received no opposition to the motion or notice of non-opposition.

The motion is **GRANTED.**

**IT IS SO ORDERED.**